# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW V. HUTCHINSON,

    *Petitioner*,

vs.

DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,

    *Respondents*.

3:10-cv-00229-LRH-VPC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on a motion (#15) to substitute retained counsel for the *pro se* petitioner and a motion (#16) to supplement the petition.

    The Court is not insensitive to respondents' position that petitioner is seeking to reopen the pleadings in a matter that has been fully argued and submitted on the merits. Moreover, the local rules generally place a condition upon a substitution of counsel that the substitution not retard the progress of the action. However, given the rules regarding, *inter alia*, successive petitions, a petitioner generally has only one opportunity to pursue federal habeas relief. Moreover, given that there is no constitutional or statutory right to counsel in a noncapital habeas proceeding, petitioners generally must seek relief *pro se*. If a petitioner is able to retain counsel even late in the proceedings prior to entry of judgment, the Court is inclined to give the petitioner the opportunity to present a motion to file a counseled amended petition provided that such amendment would not be futile given the application of timeliness, exhaustion, and procedural default rules.

    **The Court accordingly will grant relief <u>in part</u>. Petitioner's new counsel should read – and follow – the provisos and procedures in this order. If petitioner fails to follow the procedure**

**outlined in this order, to the letter, any motion filed will be denied and/or other filing will be stricken and the Court instead will rule on the existing pleadings.[1] Further, no extensions of time will be granted save in the most compelling of circumstances.**

*First*, petitioner shall have sixty (60) days to file a <u>motion</u> for leave to file an <u>amended petition</u>. The Court is aware that in state post-conviction proceedings newly appointed or retained counsel will file a counseled supplement to a prior *pro se* petition that provides additional argument and/or additional claims, referring back to the prior *pro se* pleading. This is not state court, and state court procedure does not apply here. Under Rule 15(a) and (d) of the Federal Rules of Civil Procedure, petitioner may amend and/or supplement the pleadings at this juncture in the proceedings only by motion. Further, under Local Rule LR 15-1, an amended and/or supplemental pleading must be complete in itself without reference to the prior superceded pleading. Petitioner thus, in order to amend and/or supplement the pleadings herein, must: (a) file a motion for leave to file an amended petition with the proposed amended pleading attached to the motion; and (b) present a superceding "stand alone" proposed pleading that presents all of petitioner's claims and argument within the one superceding pleading without adopting by reference the prior superceded *pro se* pleading. If at this late juncture petitioner instead files a supplement only partially presenting claims or argument and/or without a motion for leave -- *i.e.,* following state court procedure without regard to this order – the Court will strike the fugitive filing and rule on the pleadings on file.

*Second*, the proposed amended petition must comply with Local Rule LSR 3-1. This provision requires that a habeas petition filed by an attorney either shall be on the Court's required form **or** shall contain all of the information required in the model form in the Appendix of Forms to the Rules Governing Section 2254 Cases. This does not mean that counsel must slavishly follow the format of the Court's required form, which is intended instead for a *pro se* petitioner. The Court in fact would prefer that counsel follow a format more akin to that used by the Federal Public Defender, which does not track the *pro se* form but which includes all of the information in the national model form.

---

[1] Counsel should note for the future that counsel may not substitute in simply by filing a notice. While #15 was docketed as a motion, the underlying filing is presented as a notice with provision for signature by the presiding judge. Motions should be titled as motions.

***Third***, in this same vein, the proposed amended petition shall include a separate statement within the pleading for each separate claim in the pleading of the basis for exhaustion for each such claim. Where satisfaction of the exhaustion requirement is based upon litigation of the claim in state court, the statement shall cite specifically – by document and page number – to the portions of the state court record where the claim was presented to or adjudicated in the state courts completely through to the Supreme Court of Nevada. (See also the seventh proviso below.)

***Fourth***, within the motion for leave to amend itself, petitioner shall present argument seeking to affirmatively demonstrate that amendment would not be futile by demonstrating, specifically and separately for each claim in the amended petition: (a) that each claim in the amended petition either relates back to a prior timely-filed and exhausted claim in the superceded federal pleading or otherwise is not time-barred; (b) that each claim is exhausted; and (c) that each claim is not procedurally defaulted. Given the late juncture at which leave to amend is being sought, the motion for leave to amend will be denied if petitioner does not affirmatively demonstrate, in seeking leave to amend, that the claims in the amended petition are timely, exhausted, and not procedurally defaulted.

***Fifth***, the proposed amended petition shall be verified as required by 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases.

***Sixth***, petitioner must name his immediate physical custodian, *i.e.*, the warden of the institution in which he currently is incarcerated, as an additional respondent. *See generally Rumsfeld v. Padilla*, 542 U.S. 426 (2004)(immediate custodian rule). The State of Nevada is being dismissed as a respondent by this order. The state sovereign immunity recognized by the Eleventh Amendment bars suit against a State in federal court, regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984). The state corrections director otherwise would appear to be a proper respondent in addition to the warden in question.

***Seventh***, petitioner shall cite in all motions and pleadings filed to copies of state court record exhibits on file in the suit record in this Court. The Court does not "call up" the full original state court record from the state courts. Copies of many state court record materials already have been filed with the answer. See ## 11-13. Petitioner shall cite to these materials where the material already is on file. (*E.g.*, "#12, Ex. 29, at 4.") If petitioner refers to additional state court record materials that currently

are not on file, petitioner shall attach copies of all such materials with the proposed amended petition, in the same manner as respondents have done in filing the answer.  That is, petitioner shall file all additional state court record exhibits filed herein with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment, in the same manner as in ## 11-13.  The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which exhibits are filed in which attachments.  In short, counsel shall not file exhibits in a manner that requires this Court or a reviewing court to go "fishing" through multiple unmarked attachments to find specific exhibits.  **Further, for ease of reference, petitioner: (a) shall number any additional state court record exhibits filed beginning with No. 70; and (b) to the extent practicable, shall list and file any additional exhibits in chronological order.**

IT THEREFORE IS ORDERED that petitioner's motion (#15) to substitute counsel is GRANTED, with Jeffrey S. Blanck, Esq., being substituted for the the *pro se* petitioner.

IT FURTHER IS ORDERED that petitioner's motion (#16) to supplement the petition is GRANTED IN PART and DENIED IN PART, such that petitioner shall have **sixty (60) days** from entry of this order within which to file a motion for leave to amend the petition and a proposed amended petition that comply with all provisos and procedures set forth in this order.  **Untimely and/or noncompliant motions and/or papers will be denied and/or stricken and the case then will be decided on the existing pleadings.  Requests for extension of time will be considered only in the most compelling circumstances.**

IT FURTHER IS ORDERED that respondents shall have **thirty (30) days** from service to file an opposition to the motion for leave.  **Respondents shall not merely defer to later screening review or other later proceedings argument as to procedural defenses such as timeliness, exhaustion and procedural default.  While the Court potentially may not conclusively resolve same in deciding whether to grant leave to amend, the time for respondents to respond to petitioner's argument as to the proposed amendment not being futile is in an opposition to the motion to amend.**

IT FURTHER IS ORDERED that petitioner thereafter shall have **twenty-one (21) days** from service to file a reply in support of the motion for leave.

IT FURTHER IS ORDERED that the State of Nevada, only, is DISMISSED as a respondent herein.

The Clerk of Court shall enable petitioner's counsel to obtain copies of the prior filings herein, including but not limited to the attachments filed with ## 11-13, either by regenerating notices of electronic filing or by such other efficient and cost-effective method as is currently utilized by the Clerk for same.

DATED this 16th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE